# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE,<br>On behalf of himself and all<br>Others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VGW MALTA LTD. and<br>VGW LUCKYLAND, INC.<br><br>    Defendants. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Defendant VGW Luckyland, Inc. ("VGW Luckyland"), with the consent of Defendant VGW Malta Ltd. ("VGW Malta" and, together with VGW Luckyland, the "VGW Group"), by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby specially appears for the purpose of this removal and, preserving all defenses, removes this civil action to the United States District Court for the Northern District of Georgia from the Superior Court of Fulton County, Georgia.

In support of this Notice of Removal, VGW Luckyland states as follows:

I.      **OVERVIEW**

1. On or about June 13, 2023, Plaintiff "John Doe" (the "Anonymous Plaintiff") filed suit against the VGW Group in the Superior Court of Fulton County, Georgia, Case No. 2023CV381348. The VGW Group specializes in the development and publication of casino-themed social games for play on mobile apps and traditional internet browsers. The Anonymous Plaintiff alleges that the VGW Group's *Luckyland Slots* and *Chumba Casino* games violate Georgia law.

2. VGW Luckyland operates the *Luckyland Slots* games. VGW Luckyland is a Delaware company with its principal place of business in Delaware. *See* Declaration of Michael Thunder ("Thunder Decl.") ¶ 3. Thus, VGW Luckyland is a citizen of Delaware. *See* 28 U.S.C. § 1332(c)(1).

3. VGW Malta operates the *Chumba Casino* games. VGW Malta is a Maltese company with its principal place of business in Malta. *See* Thunder Decl. ¶ 4. Thus, VGW Malta is a citizen of Malta, a foreign state. 28 U.S.C. § 1332(c)(1).

4. VGW Luckyland was purportedly served with the summons and complaint in this action on June 22, 2023. While VGW Luckyland does not agree that service was properly effected, VGW Luckyland does not contest service.

5. VGW Malta has not yet been served in accordance with O.C.G.A. § 9-11-4. *See* Thunder Decl. ¶ 5. Notwithstanding the lack of service, VGW Malta, by

2

counsel, specially appears for the purpose of this removal and reserves all defenses, including, but not limited to, insufficient service of process and lack of personal jurisdiction. *See Kostelac v. Allianz Global Corp. & Specialty AG*, 517 Fed. App'x 670, 674 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses[.]"); *see also* Fed. R. Civ. P. 12(b)(2) ("lack of personal jurisdiction"); Fed. R. Civ. P. 12(b)(5) ("insufficient service of process").

6.  This removal is timely pursuant to 28 U.S.C. § 1446(b) in that VGW Luckyland was served with the summons and complaint on June 22, 2023 (less than 30 days ago) and VGW Malta, despite not having been served, consents to removal.

7.  Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** (A-1 through A-4) is a copy of all process, pleadings, and orders filed in the state case to date. The VGW Group has not filed any responsive pleadings in the Fulton County Superior Court.

8.  A copy of this Notice of Removal will be filed with the Fulton County Superior Court, and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

9.  The Anonymous Plaintiff alleges that the VGW Group's games are unlawful gambling under Georgia law. Ex. A, Compl. ¶¶ 69-73. The Anonymous Plaintiff seeks certification of this case as a class action on behalf of himself and all

other individuals in Georgia who made purchases on the VGW Group's *Luckyland Slots* and *Chumba Casino* games during the applicable limitations period. *Id.* ¶ 60.

10. The Anonymous Plaintiff seeks to recover on behalf of himself and the putative class all amounts spent by all players in Georgia on the *Luckyland Slots* and *Chumba Casino* games over the four years preceding the filing of the complaint. *Id.* ¶¶ 68-73 (making claim under O.C.G.A. § 13-8-3(b)).

11. Removal is based upon 28 U.S.C. §§ 1332(d)(2) and 1441(a). As set forth below, removal is proper because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and there is diversity of citizenship.

## II.    JURISDICTION AND VENUE

12. By removing this action, the VGW Group does not consent to this Court's exercise of personal jurisdiction over it in this action and reserves the right to move for dismissal on that ground. *See Kostelac*, 517 Fed. App'x at 674 n.6.

13. Subject matter jurisdiction is based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because (1) the Anonymous Plaintiff and putative class members are citizens of Georgia and neither of the VGW Group entities is a citizen of Georgia (*see* Ex. A, Compl. ¶¶ 13-14, 60; *see also* Thunder Decl. ¶¶ 3-4); and (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs (*see* Thunder Decl. ¶ 9). *See Pretka v. Kolter City Plaza II, Inc.*,

608 F.3d 744, 756 (11th Cir. 2010) (concluding defendants could "submit [their] own evidence in order to satisfy the jurisdictional requirements of removal," including defendants' own affidavits, declarations, or other documents).

14. Venue is proper in the Northern District of Georgia, Atlanta Division, because the state court action was filed in the Superior Court of Fulton County. Thus, this Court is the "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, VGW Malta expressly reserves the right to seek dismissal of the claims against it on the ground of *forum non conveniens*, including based on the forum selection provision in its terms of service.

### III. GROUNDS FOR REMOVAL

15. Removal of this case is proper under 28 U.S.C. §§ 1441(a) and 1332(d)(2). Together, these statutes allow for the removal of any putative class action in which any member of the putative class is a citizen of a different state from any defendant and the amount in controversy exceeds $5,000,000, exclusive of interest and costs, provided none of the grounds for mandatory decline of CAFA jurisdiction exist. *See* 28 U.S.C. § 1332(d)(4).

16. Diversity of citizenship exists under 28 U.S.C. § 1332(d)(2) because the Anonymous Plaintiff and all putative class members are citizens of Georgia and

neither of the VGW Group entities is a citizen of Georgia.  *See* Ex. A, Compl. ¶¶ 13-14, 60; *see also* Thunder Decl. ¶¶ 3-4.  Because neither VGW Group entity is a citizen of Georgia, none of the exceptions to CAFA jurisdiction apply.  *See* 28 U.S.C. §§ 1332(d)(3)-(4).

17.    The amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* Thunder Decl. ¶ 9.

18.    Thus, CAFA jurisdiction exists under 28 U.S.C. § 1332(d)(2).  Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441(a) and 1332(d)(2).

19.    Removal is timely in that VGW Luckyland was served with the summons and complaint on June 22, 2023 (less than 30 days ago), and VGW Malta, though not yet served, consents to this removal.

### IV.    CONCLUSION

20.    Removal of this action is proper under 28 U.S.C. §§ 1441 and 1332(d)(2).  The VGW Group reserves all its defenses.

WHEREFORE, VGW Luckyland, with consent and joinder of VGW Malta, hereby removes this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.  This Notice has been served on all counsel of record on the date and manner stated in the Certificate of Service.

Dated:  July 20, 2023

        Respectfully Submitted,

        */s/ Michael A. Sullivan*
        Michael A. Sullivan
        Georgia Bar No. 691431
        Nicole Archambault
        Georgia Bar No. 222686

        FINCH MCCRANIE, LLP
        229 Peachtree St. NE, Suite 2500
        Atlanta, Georgia 30303
        Tel: (404) 658-9070
        msullivan@finchmccranie.com
        narchambault@finchmccranie.com

        *Attorneys for Defendants VGW Malta Ltd. and VGW Luckyland Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July 2023, the foregoing document was served on counsel of record for Plaintiff, listed below, via email and regular first class mail:

Barry Williams, Esq.
P.O. Box 1483
Villa Rica, Georgia 30180
Email: advocatedib@gmail.com

*Counsel for Plaintiff "John Doe"*

/s/ *Michael A. Sullivan*
Michael A. Sullivan
Georgia Bar No. 691431
Nicole Archambault
Georgia Bar No. 222686
FINCH MCCRANIE, LLP
229 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30303
Tel: (404) 658-9070
msullivan@finchmccranie.com
narchambault@finchmccranie.com

*Attorneys for Defendants VGW Malta Ltd. and VGW Luckyland Inc.*