IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANDA DIVISION


JOHN DOE

On behalf of himself and all

others similarly situated,


      Plaintiff,

v.                                Civil Action No. 1:23-cv-03226TWT


VGW MALTA LTD., and

VGW LUCKYLAND, INC.,


      Defendants.

_____/


**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**

**MOTION TO COMPEL ARBITRATION, STRIKE CLASS CLAIMS**

## AND STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TO

## <u>DISMISS VGW MALTA LTD.</u>

COMES NOW, Plaintiff John Doe, to file this Response In Opposition To Defendants' Motion To Compel Arbitration, Strike Class Claims And Stay Proceedings, Or In The Alternative, To Dismiss VGW Malta Ltd. (hereafter called "Motion to Compel Arbitration").

## <u>PRELIMINARY STATEMENT/ CASE HISTORY</u>

1. John Doe sued Defendants VGW Malta, Ltd. (VGW Malta) and VGW Luckyland, Inc. (VGW Luckyland). The Complaint in this case was filed in the Superior Court of Fulton County, Georgia (hereafter referred to as the "state court") on June 13, 2023.

2. The state court clerk issued summonses on June 13, 2023.

3. The state court complaint, summons, and exhibits were served on Corporation Trust Corporation (hereafter "CT Corporation") on June 22, 2023, by leaving a copy with Robin Hutt-Banks, Intake Specialist.

4.  CT Corporation was, and is, the duly appointed registered agent to receive service of process in the State of Delaware for VGW Luckyland, a Delaware corporation.

5.   On July 20, 2023, the Defendants filed a Notice of Removal, and removed the case to federal court.  (ECF Doc 1.)

6.   On July 27, 2023, the Defendants filed a Motion to Compel Arbitration, Strike Class Claims, and Stay Proceedings, or in the alternative, to Dismiss VGW Malta (hereafter "Motion to Compel").  (ECF Doc 4.)

7.   To date, VGW Malta has not been served with the complaint in the state court action.  VGW Malta is a foreign entity that lists its principal place of business and location for service as the Island of Malta.

8.   Under the terms of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents (hereafter "Hague Convention on Service"), service of process on VGW Malta is time consuming and requires various legal steps.

**LEGAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S**

**OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

**ARBITRATION**

I.      Defendants are using a *workaround* to avoid the clear intent of the
Georgia legislature.

Georgia Statutes, O.C.G.A. §§ 16-12-21 and 13-8-3 make it clear that in
Georgia, gambling contracts are void and illegal.   In addition, § 13-8-3
outlines what recovery citizens may have when they lose money to gambling
concerns ("Money paid . . . upon a gambling consideration may be recovered
. . .  by institution of an action . . . within six months after the loss and, after
the expiration of that time . . . by any person, at any time within four years,
for the joint use of himself and the educational fund . . ..").

Notwithstanding, Defendants have devised a plan to workaround
Georgia laws and circumvent the clear intent of the Georgia legislature.
Defendants' workaround is so offensive to the intentions of the Georgia

legislature that an exception to the ordinary rule regarding the enforcement of arbitration clauses and class action waivers is in order.  *See Davis v. Oasis*, 936 F. 3d 1174, 1176 (11th Cir 2019), *citing NEC Techs., Inc. v. Nelson*, 267 GA. 390 (1996)  (supporting the doctrine that arbitration clauses and class waivers may not be enforceable, the Court noted that it "is an undoubted principle of the common law that it will not lend its aid to enforce a contract to do an act that is illegal, or which is inconsistent with sound morals or public policy . . .."  "In Georgia, '[n]o principle of jurisprudence is better settled than this.'").  *Davis, citing Glass v. Childs,* 9 Ga. App 520 (GA. Ct. App 1011)   *See also Bremen v. Zapata Off-Shore Co.,* 407 US 1 (1972) (a forum selection clause "should control absent a strong showing that it should be set aside.").

The choice-of-law terms in the Arbitration Agreements forcing John Doe and other Georgia citizens to arbitrate is an attempt to get the arbitrator to apply Delaware law and/or the law of Malta.  This may result in a finding by the arbitrator that gambling is legal in Georgia.   Defendants know that if such a mistake is made by the arbitrator -- applying the law of the wrong

state or country – that decision cannot be appealed (discussed more fully below at section VIII).  *See e.g., United Paperworkers v. Misco*, Inc, 484 U.S. 29,30 (1987); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960); and *Georgia-Pacific Consumer Operations, LLC v. United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers Union, Local 9-0952* No 20-10646 (11th Cir.  November 20, 2020) (Court "should not reject an award on the ground that the arbitrator misread the contract").

II.  Defendants plan to continue their illegal activity in Georgia where they have made millions of dollars.

Defendants plan to make as much money as possible until a court determines that Defendants' actions are so offensive to Georgia law and the strong public policy behind the laws that striking the arbitration clause and class waiver are appropriate. If the Court does not so act, Defendants workaround will succeed, and they will be able to continue to make millions of dollars through illegal gambling in Georgia.

To compel arbitration, strike the class, or stay proceedings would be to allow the Defendants to continue to prey upon innocent, unsuspecting Georgia citizens and dupe them into illegal activity, all the while allowing the Defendants to continue to make millions of dollars. Clearly these actions are so inconsistent with and offensive to the intent of Georgia legislators that they should be forbade.

III.   Defendants' actions in inducing John Doe to gamble at their website amount to fraud in the factum.

A.  Misleading advertisement led to the contract and clauses.

7

Defendants used misleading advertising to lure John Doe and other unsuspecting individuals into believing gambling on their website was lawful.   Defendants knew that online gambling is illegal in the state of Georgia.  This is shown by the fact that Defendants were knowledgeable enough to state that gold coins purchased in the state of Washington will be voided.  Defendants were knowledgeable enough to include Idaho in the language referencing excluded territories (ECF Doc. 4-3, para. 3.2).  In addition, Defendants advised that in New York and Florida there was a maximum redemption value for prizes (ECF Doc. 4-3, para. 8.3).

Notwithstanding, Defendants included language in their terms and conditions, and terms of service regarding the Plaintiffs' duty to "ensure that their Participation is lawful in their jurisdiction" (ECF Doc. 4-3, para. 3.3 and ECF Doc. 4-4, para. 3-1).  But this does not negate the fact Defendants they knew gambling in Georgia is illegal.  Furthermore, it should be noted that Defendants cannot hide behind a contention that they do not what state an individual lives in because the Defendants gather this

8

information from the players at the initial stage of player involvement,

when the player signs up for an account.

B.  Misleading terms and conditions led to the contract and clauses.

Defendants lured John Doe and others into gambling by advising that their

participation was for recreational and entertainment purposes only (ECF

Doc. 4-3, para. 3.1(c); and ECG Doc. 4-4, para. 3.1(c), when the real purpose

was for Defendants to make millions of dollars.  John Doe (and others

similarly situated) unwittingly entered, not only gambling contracts but

also an agreement to arbitrate and a class action waiver agreement based

on Defendants' fraud.

But for improper inducement, John Doe would not have agreed to the

arbitration clause or the class waiver.  The contract, agreement to arbitrate,

and the class action waiver agreement are so inextricably intertwined that

they cannot be separated for litigation purposes.  Therefore, all these agreements are void based upon fraud.

C.  Courts have used certain factors to refuse to enforce arbitration clauses and class waivers.

There are four grounds upon which a court can refuse to enforce a forum selection clause (*Davis* factors).  They are: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy." *Davis v. Oasis Legal Fin. Operating Co., LLC, supra, citing M/S Bremen v. Sapata Off-Shore Co.,* 407 U.S. 1 (1972).

When these factors are present, courts will refuse to enforce forum selection clauses.  *See Davis v. Oasis Legal Fin. Operating Co., supra.*  We

contend the *Davis* factors are present here.  First, Defendants knew that gambling is illegal in Georgia.  Second, enforcing the arbitration clause would effectively deny John Doe his day in court because the Defendants will undoubtedly argue that the laws of Delaware and Malta are controlling, and each of these jurisdictions have legalized on-line gambling.[1]  Third, applying the law of Delaware or the law Malta, flies in the face of Georgia statute and would deprive John Doe of a remedy.  Fourth, enforcement of the Defendants' forum selection clauses will contravene Georgia's strong public policy against gambling.

---

[1] It is no wonder why VGW Luckyland is incorporated in Delaware because Delaware House Bill 333, 146th General Assembly 2011-2012 (The Delaware Gaming Competitiveness Act of 2012) legalized online poker and casino games in the state.  In fact, Delaware was one of the first states to legalize on-line gambling.  Likewise, online gambling is legal in Malta.

IV.    Striking John Doe's class would be so offensive to public policy and

the intention of Georgia legislators that striking the class would be

unconscionable.

In *Davis v. Oasis, supra*, the Eleventh Circuit held that forum selection

clauses and waiver in loan agreements violate Georgia public policy.  Even

though the facts of *Davis* indicate there exists a specific statute, the

overarching principle should be applied here because the Georgia

legislators must have intended that the use of class action waivers in

gambling cases is prohibited to avoid an outcome that would conflict with

Georgia law and the intent of Georgia legislators.

V.    The analysis *in Dale v. Comcast* should apply.

 If Defendants are allowed to strike the class their workaround will be

successful because, as a practical matter, no individual plaintiff will be able

to afford the costs of continuing litigation.  This will allow Defendants to

continue to escape accountability and provide a path for the unconscionable result of evading Georgia law.  In *Dale v. Comcast*, 498 F. 3d 1216, 1219 (11th Cir. 2007) the court stated "[T]he basic test for determining unconscionability is 'whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract."  The court held, based on the totality of the circumstances, the entire arbitration provision, including the class action waiver was unconscionable.

VI.    The VGW Malta Terms and Conditions are too ambiguous to be enforced.

The VGW Malta Terms and Conditions, in the section entitled Applicable Law and Jurisdiction, paragraph 24.14, states that "[t]hese Terms and Conditions" and the entire relationship between the player and VGW Malta will be interpreted in accordance with the laws of the state of Delaware.   The same document at paragraph 24.17, states that "any

dispute, controversy, or claim arising out of or in connection with these Terms and Conditions . . . will be submitted exclusively to the courts in Malta, and you consent to the venue and personal jurisdiction of those courts." These VGW Malta Terms and Conditions are confusing to the average player. One would have to be a lawyer to figure out if the laws of Delaware govern or the laws of Malta govern. (ECF Doc 4-4.)

## VII.   Arbitration may allow Defendants to escape accountability.

If this matter is sent to arbitration, the Defendants will no doubt argue that the law of the state of Delaware apply and/or the law of Malta apply. Applying the law of either may result in a finding that the gambling at their sites is not illegal.[2] This is part of Defendants' workaround plan to

––––––––––––––––––––

[2]

House Bill 333 was introduced in the 151st General Assembly (2021 - 2022) in Delaware.  The bill was signed into law by Governor Jack Markell

escape accountability and liability.  This is exactly the type of activity that the prospective waiver doctrine (discussed below) should protect against because the law of both Delaware and Malta are in direct conflict with Georgia law.

VIII.  The prospective waiver doctrine is applicable.

The Court should apply the principle of prospective waiver or "effective vindication" and deny Defendants' Motion to Compel.  Prospective waiver or effective vindication is a doctrine that may be used to invalidate certain contracts, arbitration clauses, and class waivers where enforcement of such would violate public policy.  Though the doctrine is controversial, and is usually applied to federal rights, this is a set of facts to which the

_____

on June 28, 2012.  The bill has not been codified yet.  Likewise, online gambling is legal in Malta.

prospective waiver doctrine should be applied.   *See Holmes v. Baptist Health No. 21-22986* (S.D. Fla.  January 20, 2022) (though rarely used the doctrine may operate to invalidate arbitration agreements).

IX.    The Court should not compel arbitration because the arbitrator's award would not be reviewable and could lead to a manifest injustice.

The Federal Arbitration Act limits the situations where arbitration awards may be reviewed by the courts.  (See relevant portions of the Federal Arbitration Act (FAA) as codified in the United States Code, 9 U.S.C. §§ 9, 10, and 11 (1947)).   If the matter is submitted to the arbitrator, the Court will not be able to review the decision made by the arbitrator even if the arbitrator applies incorrect law.  "Absent fraud by the parties or the arbitrator's dishonesty, reviewing courts . . . are not authorized to reconsider the merits of the award."   If the arbitrator draws his/her decision from the contract his/her mistakes cannot be reviewed.  *United Paperworkers v. Misco, Inc, supra, See also United Steelworkers of America v.*

16

*Enterprise Wheel & Car Corp., supra,* and *Georgia-Pacific Consumer Operations, LLC v. United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers Union, Local 9-0952, supra.*

X.   Defendants have agreed that the Court may refuse to enforce the arbitration clause and the class waiver.

Paragraph 23.13 of Luckyland's Terms of Service states that "in the event all or any portion of this clause . . .  is found to be invalid or less than fully enforceable, then the entirety of clause 23 [Dispute Resolution and Agreement to Arbitrate on an Individual Basis] may be deemed void and as having no effect upon either party's election." (ECF Doc. 4-3.)

XI.   The Court should allow additional time for John Doe to accomplish service of process on VGW Malta.

O.C.G.A. § 9-11-4 (f)(3) recognizes the lengthy process of the Hague Convention on Service; thus, without expressly stating, the code provides for a reasonable period to accomplish service of process on a company located in a foreign nation.  Therefore, we ask that the Court deny Defendants' request to dismiss VGW Malta for lack of service.

By dismissing VGW Malta, the Court would protect VGW Malta from ever being sued because the Hague Convention on Service procedure for serving companies headquartered in Malta takes six months or longer.  All VGW Malta would have to do in any similar case is move for dismissal for lack of service.

WHEREFORE, for the reasons detailed above, Plaintiff John Doe requests that this Court deny Defendants' Motion to Compel Arbitration, Strike Class Claims, and Stay Proceedings, or In the Alternative, To Dismiss VGW Malta Ltd.

Respectfully submitted,


**/s/ Barry L. Williams**

Barry L. Williams

P.O. Box 1483

Villa Rica, Georgia 30180

Tel: (404) 519-4586

Georgia Bar No.: 538108

Email: advocatedib@gmail.com

Attorney for Plaintiff John Doe


### Certifications

I certify that the foregoing was prepared in one of the font and point selections approved by the Court in LR 5.1(B).


**/s/ Barry L. Williams**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August 2023, I electronically filed the foregoing with the Clerk of the Court by using the CMECF system.  I also sent a copy to Defendants' counsel via email to the following email addresses:  Michael A. Sullivan, msullivan@finchmccranie.com, Nicole Archambault, narchambault@finchmccranie.com, Gregory D. Beaman (pro hac vice), gbeaman@orrick.com, and Behnam Dayanim (pro hac vice), bdayanim@orrick.com.

/s/ Barry L. Williams

Attorney for Plaintiff