IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | |
|---|---|
| JOHN DOE, On behalf of himself and all Others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>VGW MALTA LTD. and VGW LUCKYLAND, INC.,<br><br>    Defendants. | Civil Action No. 1:23-cv-03226-TWT |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND OR ALTERNATIVELY TO STAY PROCEEDINGS**

Defendants VGW Luckyland, Inc. ("VGW Luckyland") and VGW Malta Ltd. ("VGW Malta" and, together with VGW Luckyland, "Defendants"), specially appearing for purposes of this response, respectfully submit this opposition to Plaintiff's Motion to Remand or Alternatively to Stay Proceedings [ECF No. 11].

**PRELIMINARY STATEMENT**

Plaintiff's motion to remand should be denied. VGW Luckyland properly removed this action on July 20, 2023, with the consent of VGW Malta, which has yet to be served. The removal was timely because VGW Luckyland removed within 30 days of its "receipt . . ., through service or otherwise," of the complaint. 28 U.S.C. § 1446(b)(1). The Court has subject matter jurisdiction over this putative class

1

action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because (1) Plaintiff seeks to certify a class of over 100 Georgia residents who spent money playing Defendants' online casino-themed social games; (2) neither Defendant is a citizen of Georgia; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. There is thus no basis for remand.

Indeed, applying the plain language of the CAFA, it is ***incontrovertible*** that CAFA subject matter jurisdiction exists here. Even if there were any doubt (there is not), the "CAFA's language favors federal jurisdiction over class actions," and "all doubts" are to be "resolved 'in favor of exercising jurisdiction over the case.'" *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

Plaintiff's motion misunderstands the basis on which VGW Luckyland removed this action, misrepresents the allegations and relief sought in Plaintiff's own complaint, and misapplies the law. Plaintiff's remand motion should be denied.

## PERTINENT BACKGROUND

Plaintiff filed this putative class action, under the pseudonym "John Doe," in Georgia state court on or about June 13, 2023. *See* Complaint [ECF No. 1-3] ("Compl."). Plaintiff's complaint alleges that Defendants offer online casino-themed social games, including *Luckyland Slots* and *Chumba Casino*. *Id*. ¶¶ 1, 26. Plaintiff alleges that users are given an initial free allotment of virtual coins to play

the games. *Id*. ¶¶ 6, 27. Plaintiff alleges that users inevitably end up purchasing more virtual coins—which cannot be redeemed for real money—because it is "difficult" for users to play the games "without purchasing" more coins. *Id*. ¶ 8.

Plaintiff claims that Defendants' games violate Georgia's anti-gambling statute, O.C.G.A. § 13-8-3. *See* Compl. ¶¶ 68-81. Plaintiff seeks to certify a class of all Georgia residents who "suffered losses of money on Chumba Casino or LuckyLand Slots during the applicable limitations period (the 'Class')." *Id*. ¶ 60.

Plaintiff alleges in the complaint that the limitations period for his putative class claim for all Georgia residents' alleged losses is four years. *See, e.g., id*. ¶ 70 (quoting O.C.G.A. § 13-8-3(b), which states that if the loser has not timely brought suit to recover his or her own losses, "any person" may bring suit to recover the loser's losses "at any time within four years, for the joint use of himself and the educational fund of the county"); *id*. ¶ 73 (alleging that Plaintiff "is authorized to . . . recover all losses that Plaintiff and the Class" incurred "over the past four years").

The complaint seeks a "refund or return" of all "funds" Defendants have "received" from Plaintiff and other Georgia residents (Compl. ¶ 71) over the "past four years" (*id*. ¶ 73), "in order to reimburse Plaintiff and the Class for their losses" (*id*. ¶ 71); *see also id*. ¶ 74 ("Plaintiff and the Class are recognized and entitled by Georgia law to the return of all gambling or gaming losses suffered by Plaintiff and

3

the Class because any such gambling agreements are void."); *id*. ¶ 78 (alleging Plaintiff and all other Georgia residents who played the games "suffered losses or damages" in the form of the "money" they "expended" to "purchase[]" or "obtain" more virtual coins); *id*. at 27 (Prayer for Relief) ¶ D (requesting "an order requiring Defendants to disgorge, restore, and return all monies wrongfully obtained").

On July 20, 2023, VGW Luckyland removed this action from the Georgia state court to this Court, with VGW Malta's consent. *See* Notice of Removal [ECF No. 1]. In its notice of removal, VGW Luckyland established that removal was timely because it removed less than 30 days after becoming aware of the case. *See* Notice of Removal [ECF No. 1] ¶ 4. VGW Luckyland also demonstrated that this Court has subject matter jurisdiction over this putative class action under the CAFA because Plaintiff seeks to represent a class of all Georgia residents, neither Defendant is a citizen of Georgia, and Plaintiff seeks a monetary recovery for the class of more than $5,000,000, exclusive of interest and costs. *Id*. ¶¶ 13, 16-18.

Plaintiff moved to remand this case on August 17, 2023. ECF No. 11.

## LEGAL STANDARD

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza*

*II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quotations and citations omitted). The removing defendant "may introduce [its] own affidavits, declarations, or other documentation" to establish the amount in controversy. *Id.* at 755; *see also id.* at 756 (CAFA amount in controversy requirement was satisfied where the "complaint seeks a refund of all of the plaintiffs' deposits, and the [defendant's] declaration by itself establishes that the plaintiffs have deposited more than" $5,000,000). As the Eleventh Circuit reiterated in *Pretka*, the defendant may submit additional evidence in response to a motion for remand, to rebut the plaintiff's arguments and establish that the jurisdictional elements for removal are satisfied. *Id.* at 773-74.

## ARGUMENT

### A. This Court Has Subject Matter Jurisdiction Over This Putative Class Action Pursuant to the CAFA

Under the CAFA, this Court has "original jurisdiction" over a putative class action in which (1) there are at least 100 putative class members; (2) ***any*** member of the putative class is a citizen of a different state from ***any*** defendant; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5); *see also S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. §§ 1332(d)(2), (5)-(6)).

VGW Luckyland submitted with its notice of removal a sworn declaration from Defendants' General Counsel, Michael Thunder, who testified that (1) VGW

Luckyland is a Delaware corporation with its principal place of business in Delaware; (2) VGW Malta is a Maltese limited company with its principal place of business in Malta; and (3) "the total amount of purchases by Georgia users" of Defendants' "casino-themed social games from June 13, 2019, to June 13, 2023 exceeds $5,000,000." Declaration of Michael Thunder [ECF No. 1-1] ("Thunder Decl.") ¶¶ 3-4, 8.[1]  There are more than 100 users in Georgia who made purchases in the games, regardless of whether the putative class period is June 13, 2019 to June 13, 2023, or June 13, 2019 to December 13, 2022.  Thunder Supp. Decl. ¶¶ 9.a-b.

Mr. Thunder's testimony is **uncontroverted**.  Therefore, the requirements for CAFA jurisdiction are met.  Plaintiff's arguments to the contrary are without merit.

---

[1] At the time of removal, VGW Luckyland understood Plaintiff to be seeking all Georgia users' alleged losses over the four years preceding the filing of his suit (*i.e.*, June 13, 2019 to June 13, 2023).  Compl. ¶¶ 70, 73.  However, VGW Luckyland now understands Plaintiff to be seeking all Georgia users' alleged losses "over the past four years, **excluding the six months preceding the filing of**" Plaintiff's suit (Compl. ¶ 73) (emphasis added)—in other words, total purchases from June 13, 2019 to December 13, 2022.  Indeed, Plaintiff's remand motion **appears** to challenge the sufficiency of VGW Luckyland's amount-in-controversy evidence on the ground that it does not exclude the six months immediately preceding the filing of his suit.  Motion at 9.  To address Plaintiff's challenge, VGW Luckyland submits herewith a supplemental declaration from Mr. Thunder, attesting that purchases by Georgia users from June 13, 2019 to December 13, 2022 also exceed $5,000,000.  *See* Supplemental Declaration of Michael Thunder ("Thunder Supp. Decl.") ¶ 9.d.

### 1. The Amount in Controversy Exceeds $5,000,000

Plaintiff argues that Mr. Thunder's testimony is insufficient to establish that the amount in controversy exceeds $5,000,000 because it refers to "the total amount of '*purchases* by Georgia users'" over the last four years, but "does not address the '*losses*' suffered by Plaintiff" and the "proposed Class." Motion at 9 (emphasis added). Plaintiff is playing semantics and misrepresenting his own complaint.

The complaint expressly alleges that "*all* of Defendants' gambling operations, agreements, and *funds it has [sic] received from Plaintiff and the Class are* void and *subject to refund or return* to Plaintiff and the Class in order to reimburse Plaintiff and the Class for their losses[.]" Compl. ¶ 71 (emphasis added). The complaint makes doubly clear that the "losses or damages" that Plaintiff seeks to recover are the "*money*" that Plaintiff and other Georgia residents "*expended*" to "*purchase[]*" or "*obtain coins*" for use in Defendants' games. *Id*. ¶ 78 (emphasis added). Finally, the complaint expressly requests "an order requiring Defendants to *disgorge, restore, and return all monies wrongfully obtained*[.]" *Id*. at 27 ¶ D. According to Plaintiff's own allegations, all "funds" that Defendants have received from Georgia residents to purchase virtual coins were wrongfully obtained and are "*subject to refund or return*" under Georgia law. *Id*. ¶ 71; *see also id*. ¶ 74 (alleging that "Plaintiff and the Class are recognized and entitled by Georgia law to the return

7

of all gambling or gaming losses suffered by Plaintiff and the Class," defined in the complaint to be the money paid to purchase virtual coins for use in the games).

Thus, it is crystal clear from Plaintiff's complaint that he seeks recovery of all amounts spent by Georgia residents over the last four years on Defendants' games. That amount exceeds $5,000,000, as Mr. Thunder testified in his *uncontroverted* declarations. Therefore, the amount in controversy element is plainly satisfied here.

Plaintiff alternatively argues that VGW Luckyland has not satisfied the $5,000,000 amount in controversy threshold because Mr. Thunder's declaration identifies the total purchases by Georgia residents over the last *four years*, rather than the "last *six months*." Motion at 9 (emphasis added). Plaintiff claims that he has "filed suit . . . for the losses suffered by Plaintiff and the Class during the preceding six months." *Id*. Once again, Plaintiff misrepresents his own complaint.

The complaint does *not* seek only the last six months of Georgia users' alleged losses. To the contrary, the complaint expressly alleges that Plaintiff is entitled "to recover all losses that Plaintiff and the Class may have incurred from utilizing Defendants [*sic*] gaming sites over the past *four years*, excluding the six months preceding the filing of this Complaint." Compl. ¶ 73 (emphasis added).

As Mr. Thunder's uncontroverted declarations establish, the amount in controversy exceeds $5,000,000 regardless of whether the limitations period is (1)

four years; (2) four years, excluding the six months immediately preceding the filing of this suit, as Plaintiff alleged in his complaint (and now tries to disavow); or (3) only the six months immediately preceding the filing of this suit. *See* Thunder Decl. ¶ 8 (purchases by Georgia users from June 13, 2019 to June 13, 2023 exceed $5,000,000); *see also* Thunder Supp. Decl. ¶ 9.d (purchases by Georgia users from June 13, 2019 to December 13, 2022 exceed $5,000,000); *id*. ¶ 9.e (purchases by Georgia users from December 13, 2022 to June 13, 2023 exceed $5,000,000). Thus, the CAFA's amount in controversy threshold is satisfied here no matter what.

### 2. The CAFA's Minimal Diversity Requirements Are Satisfied

Diversity jurisdiction under the CAFA is satisfied if ***any*** member of the class is diverse from ***any*** defendant. 28 U.S.C. § 1332(a)(2). This minimal diversity requirement is satisfied here because (1) all members of the putative class are citizens of Georgia (Compl. ¶ 60); (2) VGW Luckyland is a Delaware corporation with its principal place of business in Delaware (Thunder Decl. ¶ 3); and (3) VGW Malta is a Maltese company with its principal place of business in Malta (*id*. ¶ 4).

Plaintiff does not dispute any of these facts. However, he argues that VGW Luckyland has not established "complete diversity of citizenship" because it has not identified the citizenship of VGW Malta's members, much less demonstrated that

none of VGW Malta's members is a citizen of Georgia. Motion at 6-7. Plaintiff misunderstands the minimal diversity requirements under the CAFA.

Under the CAFA, "complete diversity of citizenship is *not* required; instead, only minimal diversity is required." *Scott v. Ing Clarion Partners, LLC*, 2006 WL 3191184, at *3 (N.D. Ga. 2006) (emphasis added). Unlike traditional diversity jurisdiction for non-class actions under 28 U.S.C. § 1332(a), the CAFA's minimal "diversity requirement is met when 'any member of a class of plaintiffs is a citizen of a State different from *any* defendant.'" *Id*. (quoting 28 U.S.C. § 1332(d)(2)(A)) (emphasis added); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1193 n.24 (11th Cir. 2007) ("[CAFA] replace[d] . . . [the] 'complete diversity' requirement with a 'minimal diversity' requirement under which, for purposes of establishing jurisdiction, only one member of the plaintiff class—named or unnamed—must be diverse from *any one* defendant.") (emphasis added).

VGW Luckyland is a Delaware corporation with its principal place of business in Delaware. *See* Thunder Decl. ¶ 3. VGW Luckyland's lack of Georgia citizenship is sufficient for CAFA diversity regardless of VGW Malta's citizenship.

Even if complete diversity were required under the CAFA (it is not), there is complete diversity here because VGW Malta is a foreign limited company incorporated and headquartered in Malta. *See* Thunder Decl. ¶ 4. Plaintiff cites no

authority stating that a Maltese limited company is treated like a limited liability company in the United States for purposes of diversity jurisdiction; to the contrary, courts consider Maltese limited companies to be the functional equivalent of a corporation for purposes of diversity. *See VistaJet Ltd. v. Paragon Jets LLC*, 2022 WL 431431, at *3 n.1 (E.D.N.Y. 2022) (Maltese limited company headquartered in Malta was a citizen of Malta for purposes of diversity). A corporation is deemed a citizen of the state and foreign state of its incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1). Therefore, VGW Malta is a citizen of Malta.

Nonetheless, out of an abundance of caution, Mr. Thunder has identified the citizenship of VGW Malta's members in his supplemental declaration. *See* Thunder Supp. Decl. ¶¶ 4-6; *see also Seaspray Perdido Key Owners Ass'n Inc. v. Certain Underwriters at Lloyd's London*, 2021 WL 5278733, at *2 (N.D. Fla. 2021) (granting defendants permission to "supplement the Notice of Removal with the identity and citizenship of each limited company's members," in action requiring complete diversity). Mr. Thunder's supplemental declaration establishes that none of VGW Malta's members is a citizen of Georgia. *See* Thunder Supp. Decl. ¶¶ 5-6. Therefore, complete diversity (which is not even required here) exists.

### 3. The Exceptions to CAFA Jurisdiction Do Not Apply Here

Plaintiff also argues that this Court should remand under the "local controversy" or discretionary exceptions to CAFA jurisdiction. Motion at 9-12. Plaintiff bears the burden of proving that one of these exceptions requires remand. *See Evans*, 449 F.3d at 1164 ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, as in this case, we hold that the party seeking remand bears the burden of proof with regard to that exception."). Neither exception applies here. This is clear from the plain language.

CAFA's "local controversy" exception "is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole." *Id*. at 1163. The exception states that a district court "shall decline to exercise jurisdiction" over a putative class action otherwise meeting CAFA's requirements ***only*** if (1) more than two-thirds of the putative class members are citizens of the forum state; (2) the principal injuries at issue were incurred in the forum state; ***and*** (3) at least one ***defendant*** from whom significant relief is sought ***is a citizen of the forum state***. 28 U.S.C. § 1332(d)(4). Similarly, the discretionary exception to CAFA jurisdiction does not apply unless, among other things, "the ***primary defendants are citizens of*** ***the forum state***. 28 U.S.C. § 1332(d)(3) (emphasis added).

Here, neither VGW Luckyland nor VGW Malta is a citizen of Georgia. *See supra* at § A.2. Therefore, neither of these exceptions to CAFA jurisdiction applies.[2]

### B. Unable to Refute the Court's Subject Matter Jurisdiction Under the CAFA, Plaintiff Tries to Change the Nature of His Complaint

Finally, Plaintiff argues that CAFA jurisdiction does not apply because he "is proceeding as a private attorney general." Motion at 16. Yet again, Plaintiff misrepresents his own complaint. The complaint expressly states that it is being brought as a ***class action***, not as a private attorney general action. *See* Compl. at 1. Indeed, the complaint states on the cover page "**CLASS REPRESENTATION**," and the very first sentence of the complaint states that Plaintiff "brings this action on behalf of himself and all others similarly situated." *Id*. at 1. The complaint also includes a section devoted to "**CLASS REPRESENTATION ALLEGATIONS**" (*id*. ¶¶ 60-67); it expressly defines the putative class (*id*. ¶ 60); and it requests "an order certifying this action as a class action, appointing Plaintiff as class representative and appointing Plaintiff's counsel as Class Counsel" (*id*. at 27 (Prayer for Relief) ¶ A). Plaintiff brought this case as a class action, so CAFA applies.

---

[2] If the Court were to find CAFA jurisdiction is not satisfied here (it most certainly is satisfied), Defendants have already established that there is complete diversity among the parties under 28 U.S.C. § 1332(a), and Defendants would respectfully request the opportunity to submit supplemental briefing and evidence on the issue of whether the $75,000 amount in controversy threshold under § 1332(a) is met.

13

Plaintiff's reliance on the non-aggregation principle, and recent cases in Alabama applying that principle to individual actions (not class actions) brought under Alabama's gambling loss recovery statute, is unavailing.  Motion at 12-16.

As the Eleventh Circuit explained in *Lowery*, "*[b]efore CAFA*, the claims of a class of plaintiffs were not permitted to be aggregated for purposes of satisfying the jurisdictional amount requirement of § 1332(a)[.]" 483 F.3d at 1193 n.24.  But "CAFA ***replace[d]*** this 'non-aggregation' principle with an amount in controversy requirement that ***explicitly permits aggregation of claims***." *Id*. (emphasis added).

Indeed, the CAFA expressly states that "[i]n any class action, the claims of the individual class members ***shall be aggregated*** to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6) (emphasis added).  Plaintiff has brought this action as a putative class action, and therefore the CAFA aggregation rule applies.

The Alabama cases that Plaintiff cites—*Mills v. Zynga, Inc.*, 2023 WL 5198511 (N.D. Ala. 2023), and *Rice v. Aristocrat Leisure, Ltd.*, 2023 WL 5198510 (N.D. Ala. 2023)—were ***not brought as class actions***, but rather as individual actions.  They were therefore not subject to the CAFA, which is precisely why the court in those cases held that the non-aggregation principle applied.  *See Mills*, 2023 WL 5198511, at *2 & n.3 ("[T]he Court notes that the nature of the underlying

dispute is unusual. Mills appears in a representative capacity as the sole plaintiff, and she brings this action under Alabama Code § 8-1-150(b) to recover for numerous, and currently unknown, Alabama citizens.  The Court has serious doubt as to whether § 8-1-150(b) permits Mills to bring such an action. . . . In fact, the manner in which Mills has brought this action ***could*** be viewed as a means to avoid filing a class action lawsuit.") (emphasis in original); *see also Rice*, 2023 WL 5198510, at *3 & n.3 (same).  *Mills* and *Rice* are therefore irrelevant to this putative class action, which meets all the requirements of the CAFA.  It is incontrovertible that CAFA subject matter jurisdiction exists here.  There is no basis for remand.

## **CONCLUSION**

For the reasons set forth above, the motion to remand should be denied.

Dated:  August 31, 2023

OF COUNSEL:

Gregory D. Beaman (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Tel. 212-506-5000
gbeaman@orrick.com

Behnam Dayanim (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel. 202-339-8613
bdayanim@orrick.com

Respectfully submitted,

*/s/ Michael A. Sullivan*
Michael A. Sullivan
Georgia Bar No. 691431
Nicole Archambault
Georgia Bar No. 222686
FINCH MCCRANIE, LLP
229 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30303
Tel: (404) 658-9070
msullivan@finchmccranie.com
narchambault@finchmccranie.com

*Attorneys for Defendants VGW Malta Ltd. and VGW Luckyland, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that this document complies with the font and point selections set forth in Local Rule 5.1(B).  The document was prepared in Times New Roman 14 point font.

*/s/ Michael A. Sullivan*
Michael A. Sullivan
Georgia Bar No. 691431
Nicole Archambault
Georgia Bar No. 222686
FINCH MCCRANIE, LLP
229 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30303
Tel: (404) 658-9070
msullivan@finchmccranie.com
narchambault@finchmccranie.com

*Attorneys for Defendants VGW Malta Ltd. and VGW Luckyland Inc*.

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August 2023, I electronically filed the foregoing filing with the Clerk of the Court by using the CM/ECF system, which will automatically forward a copy to counsel of record in this matter.

DATED: This 31st day of August, 2023.

>*/s/ Michael A. Sullivan*
>Michael A. Sullivan
>Georgia Bar No. 691431
>Nicole Archambault
>Georgia Bar No. 222686
>FINCH MCCRANIE, LLP
>229 Peachtree St. NE, Suite 2500
>Atlanta, Georgia 30303
>Tel: (404) 658-9070
>msullivan@finchmccranie.com
>narchambault@finchmccranie.com
>
>*Attorneys for Defendants VGW Malta Ltd. and VGW Luckyland Inc.*