IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN DOE, *on behalf of himself and all others similarly situated*,

    Plaintiff,

    v.

VGW MALTA LTD, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-3226-TWT

**OPINION AND ORDER**

This is a putative class action case. It is before the Court on the Defendants' Motion to Compel Arbitration [Doc. 4], the Plaintiff's Motion to Remand [Doc. 11], and the Defendants' Motion for an Order Directing the Plaintiff to Move for Leave to Proceed Anonymously [Doc. 16]. For the reasons set forth below, the Defendants' Motion to Compel Arbitration [Doc. 4] is GRANTED; the Plaintiff's Motion to Remand [Doc. 11] is DENIED; and the Defendants' Motion for an Order Directing the Plaintiff to Move for Leave to Proceed Anonymously [Doc. 16] is DENIED as moot.

### I.   Background

This case arises from the Plaintiff John Doe's alleged use of certain virtual casino-themed games operated by the Defendants VGW Malta Ltd. and VGW Luckyland, Inc. (collectively, "VGW"). (Compl. ¶ 1). The Plaintiff claims that the games violate Georgia laws that prohibit casino gambling and seeks a refund of the purchases he made playing VGW's games on behalf of himself

and a class of Georgia residents who also made purchases playing the games. (*Id.* ¶¶ 10, 71, 78). VGW claims that the Plaintiff agreed to arbitrate all disputes arising from his use of the games and waived his right to bring class claims. (Br. in Supp. of Defs.' Mot. to Compel, at 1). The Plaintiff originally filed suit in Fulton County Superior Court on June 13, 2023, and VGW removed the case to this Court on July 20, 2023. VGW now moves to compel arbitration, and the Plaintiff moves to remand the case.

## II.   Legal Standard

Federal courts are courts of limited jurisdiction; they may only hear cases that the Constitution and Congress have authorized them to hear. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally brought in state court may be removed by a defendant to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441. Because of the limited authority of federal courts, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When no federal question exists, diversity jurisdiction can be invoked where there is complete diversity among the parties and the amount in controversy exceeds $75,000 under 28 U.S.C. 1332(a), or where the class action jurisdictional standards are met under 28 U.S.C. 1332(d).

The Federal Arbitration Act ("FAA") "embodies a liberal federal policy favoring arbitration agreements." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (quotation marks omitted). Section 2 of the Act provides in relevant part:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . .

9 U.S.C. § 2. On a motion to compel arbitration, a court undertakes a two-step inquiry to determine (1) whether the parties agreed to arbitrate the dispute in question and, if they did, (2) whether legal constraints external to their agreement foreclose arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628 (1985). Courts apply state contract law to questions regarding the validity, revocability, and enforceability of arbitration agreements. *See Caley*, 428 F.3d at 1368. An arbitration clause may be unenforceable for the same reasons as any other contract, such as fraud or unconscionability. *See Mitsubishi*, 473 U.S. at 627. Or there may be statutory barriers to arbitration, such as a congressional intention to adjudicate certain substantive rights solely in a judicial forum. *See id.* at 628. When an arbitration agreement clears both prongs of the FAA test, a court must either stay or dismiss the lawsuit and compel arbitration. *See Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008).

III.   Discussion

VGW moves to compel arbitration, strike the Complaint's class claims, and stay all further proceedings pending arbitration, or, in the alternative, to dismiss the Defendant VGW Malta for lack of service. (Br. in Supp. of Defs.' Mot. to Compel, at 1). The Plaintiff moves to remand the case to the Fulton County Superior Court. Because the motion to remand implicates subject matter jurisdiction, the Court begins its inquiry there. *See* 9 U.S.C. § 4.

A. Remand

The Plaintiff claims that the Court lacks subject matter jurisdiction over his claims because complete diversity does not exist between the parties and because the $5,000,000 amount-in-controversy threshold for class action claims is not met. (Br. in Supp. of Pl.'s Mot. to Remand, at 5–16). He first contends that the citizenship of VGW Malta is in question because its corporate designation as a Ltd. company makes it a limited liability company subject to the state citizenship of its members. (*Id.* at 5–7). But the Class Action Fairness Act ("CAFA") "provides that complete diversity of citizenship is not required; instead, only minimal diversity is required." *Scott v. Ing Clarion Partners, LLC*, 2006 WL 3191184, at *3 (N.D. Ga. Oct. 31, 2006) ("Thus, the diversity requirement is met when 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" (quoting 28 U.S.C. § 1332(d)(2)(A)). Here, the Plaintiff is a citizen of Georgia, and VGW Luckyland is a Delaware

corporation, with its principal place of business in Delaware, making it a citizen of Delaware. Accordingly, regardless of VGW Malta's citizenship, minimal diversity exists here to support jurisdiction under CAFA. Even if complete diversity were required, VGW substantiates that Ltd. companies are treated as corporations in assessing jurisdictional questions under U.S. law (VGW Malta is incorporated in Malta), and in any event, none of VGW Malta's members are citizens of Georgia.[1] (Defs.' Resp. Br. in Opp'n to Pl.'s Mot. to Remand, at 10–11). Accordingly, both minimal and complete diversity exist in the case, only the former of which is required here.

Turning to the amount in controversy, the Plaintiff contends that the $5,000,000 threshold is not met because he seeks compensation only for *losses* sustained and not merely for all purchases made by class members on VGW games. (Br. in Supp. of Pl.'s Mot. to Remand, at 8–9). But as VGW points out, such a contention runs contrary to the Plaintiff's own allegations in his Complaint. (Defs.' Resp. Br. in Opp'n to Pl.'s Mot. to Remand, at 7–8). He alleges that "all of Defendants' gambling operations, agreements, and funds [they have] received from Plaintiff and the Class are void and subject to refund or return to Plaintiff and the Class in order to reimburse Plaintiff and the Class

---

[1] Because neither VGW Malta nor VGW Luckyland are Georgia citizens, the Plaintiff's reliance on CAFA's discretionary exception under § 1332(d)(3) and local controversy exception under § 1332(d)(4) also fails. (Br. in Supp. of Pl.'s Mot. to Remand, at 9–12; Defs.' Resp. Br. in Opp'n to Pl.'s Mot. to Remand, at 12–13).

5

for their losses during the preceding six months." (Compl. ¶ 71). Thus, VGW's declaration supporting the total purchase amounts by VGW users in Georgia during the relevant time periods appropriately reflects the amount that the Plaintiff seeks to recover.

The Plaintiff also appears to seek to limit his recovery to only losses over the past six months, not the past four years. (Br. in Supp. of Pl.'s Mot. to Remand, at 9). But again, as VGW makes clear, the $5,000,000 amount-in-controversy requirement here is met "regardless of whether the limitations period is (1) four years; (2) four years, excluding the six months immediately preceding the filing of this suit, as Plaintiff alleged in his complaint (and now tries to disavow); or (3) only the six months immediately preceding the filing of this suit." (Defs.' Resp. Br. in Opp'n to Pl.'s Mot. to Remand, at 8–9). The Plaintiff offers no reply that would contradict VGW's position on this point. Accordingly, the amount-in-controversy requirement is met, and the Court has subject matter jurisdiction over the case.

The Plaintiff claims, in the alternative, that he is proceeding as a private attorney general to recover for his alleged injuries and therefore claims that aggregation to meet the amount-in-controversy requirement is improper. (Br. in Supp. of Pl.'s Mot. to Remand, at 16–21). But the Court agrees with VGW that the Plaintiff's Complaint indicates to the contrary. (Defs.' Resp. Br. in Opp'n to Pl.'s Mot. to Remand, at 13 (citing Compl. ¶¶ 27, 60–67)). The Plaintiff

here clearly seeks to recover on behalf of a putative class, and thus, aggregation of the class claims is proper in assessing subject matter jurisdiction. 28 U.S.C. § 1332(d)(6); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1193 n.24 (11th Cir. 2007). The cases on which the Plaintiff relies for this proposition are distinguishable because the plaintiffs in those cases brought claims in their representative capacities as the sole plaintiffs. *See, e.g., Rice v. Aristocrat Leisure, Ltd.*, 2023 WL 5198510, at *3 (N.D. Ala. Aug. 11, 2023). Having found that subject matter jurisdiction exists over the Plaintiff's claims, the Court next considers VGW's Motion to Compel Arbitration.

### B. Compel

VGW moves to compel arbitration, to strike the Complaint's class claims, and to stay all further proceedings pending arbitration, or, in the alternative, to dismiss the Defendant VGW Malta for lack of service. (Br. in Supp. of Defs.' Mot. to Compel, at 1). VGW claims that the Plaintiff agreed by contract (1) to arbitrate all disputes with VGW on an individual basis, (2) to delegate questions of arbitrability to an arbitrator, and (3) to waive his right to pursue class action claims, which collectively require the Court to strike the class claims and to compel the individual claims to arbitration. (*Id.* at 1–9 (citing Docs. 4-3, 4-4)). VGW correctly notes that the Plaintiff does not contest that he assented to the terms of the arbitration agreement in creating an account to play VGW's games through the online platforms. (Reply Br. in Supp.

of Defs.' Am. Mot. to Compel, at 1–2). Thus, the only issue before the Court here is whether legal constraints external to the parties' agreement foreclose arbitration. *See Mitsubishi Motors*, 473 U.S. at 628. The Plaintiff offers several reasons for such foreclosure, none of which have merit.

The Plaintiff first contends that the arbitration provision is void because it was made pursuant to a gambling contract, which is illegal under Georgia law. (Pl.'s Resp. Br. in Opp'n to Defs.' Mot. to Compel, at 4–7). But as courts in this Circuit have routinely held in this context, whether a contract was illegal or void because it was not permitted under state law is a question for the arbitrator. *Schklar v. Evans*, 2015 WL 9913859, at *3 (N.D. Ga. Dec. 29, 2015) (citing *Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 880 (11th Cir. 2005)). Therefore, the arbitration provision is not invalid for this reason.

The Plaintiff then claims that VGW fraudulently induced him and others to enter the illegal gambling contracts that contained the agreements to arbitrate and class action waivers. (Pl.'s Resp. Br. in Opp'n to Defs.' Mot. to Compel, at 7–11). However, "while the district court may decide allegations of fraud in the inducement that pertain specifically to the arbitration agreement, claims of fraud in the inducement as to the contract as a whole must be resolved in arbitration." *Madura v. Countrywide Home Loans, Inc.*, 344 F. App'x 509, 514 (11th Cir. 2009) (citing *Jenkins*, 400 F.3d at 876–77). Thus, the Plaintiff cannot avoid enforcement of the arbitration provision on the ground

8

that he was fraudulently induced to enter the contract as a whole.

The Plaintiff also claims that compelling arbitration and striking his class claims would effectively deny him of his day in court and unconscionably contravene Georgia public policy against gambling. (Pl.'s Resp. Br. in Opp'n to Defs.' Mot. to Compel, at 11–13). But the case on which the Plaintiff relies, *Davis v. Oasis Legal Fin. Operating Co., LLC*, 936 F.3d 1174, 1178 (11th Cir. 2019), did not involve the enforceability of an arbitration provision, but rather that of a forum selection clause. And the Eleventh Circuit in *Davis* specifically distinguished cases like the present one concerning "class action waivers in *arbitration agreements*—where the Federal Arbitration Act creates a strong federal policy in favor of arbitration." *Id.* at 1183 (quotation marks, alteration, and citation omitted). Accordingly, the arbitration provision is not unenforceable as against public policy.

The Plaintiff next claims that the Court should apply the doctrine of effective vindication to invalidate the arbitration provision. (Pl.'s Resp. Br. in Opp'n to Defs.' Mot. to Compel, at 14–16). Aside from the fact that the Plaintiff declines to explain how the doctrine applies here, "[t]he Supreme Court has never invoked the effective vindication doctrine to justify the refusal to *enforce* an arbitration clause," *Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543, 548 (11th Cir. 2016), nor will the Court do so here.

Finally, the Plaintiff argues that compelling arbitration could lead to manifest injustice because the award might not be reviewable and contends that VGW agreed that the Court may refuse to enforce the arbitration provision. (Pl.'s Resp. Br. in Opp'n to Defs.' Mot. to Compel, at 16–17). That the FAA limits the reviewability of an arbitrator's decision has no effect on the enforceability of the arbitration provision in this case; indeed, the Plaintiff cites no authority in support of his position on the issue of reviewability. And the Court agrees with VGW that its terms and conditions do not indicate that it agreed that the Court may refuse to enforce the arbitration provision. (Reply Br. in Supp. of Defs.' Am. Mot. to Compel, at 10–11). Accordingly, the Plaintiff's final proffered reasons against enforcement of the arbitration provision fail.

Having found that the Plaintiff agreed to arbitrate all claims against VGW arising from his use of the online gaming platforms and that no legal constraints exist that foreclose arbitration, the Court orders the Plaintiff to submit his claims to arbitration or they will be deemed abandoned. And because the Court compels arbitration of the Plaintiff's claims, VGW's Motion for an Order Directing the Plaintiff to Move for Leave to Proceed Anonymously should be denied as moot.

### IV.   Conclusion

For the foregoing reasons, the Defendants' Motion to Compel Arbitration [Doc. 4] is GRANTED; the Plaintiff's Motion to Remand [Doc. 11] is DENIED;

and the Defendants' Motion for an Order Directing the Plaintiff to Move for Leave to Proceed Anonymously [Doc. 16] is DENIED as moot. This matter is hereby STAYED until further order of the Court. The Clerk is DIRECTED to close this case administratively.

    SO ORDERED, this   28th   day of November, 2023.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge